19 N.Y.2d 605 (1967)
East Meadow Community Concerts Association, Respondent,
v.
Board of Education of Union Free School District No. 3, County of Nassau, Appellant.
Court of Appeals of the State of New York.
Argued January 3, 1967.
Decided January 19, 1967.
John H. Borrie for appellant.
Leonard S. Elman, Samuel Millman and Norman Bard for respondent.
Chief Judge FULD and Judges VAN VOORHIS, BURKE, BERGAN, KEATING and BREITEL concur in Per Curiam opinion; Judge SCILEPPI dissents and votes to reverse and to dismiss the complaint upon the ground that there was a sufficient showing that Seeger's expression of his well-known views would immediately and irreparably create injury to the commonweal.
*606 Per Curiam.
The record before us clearly establishes that the plaintiff qualifies under section 414 (subds. 3, 4) of the Education Law as an organization entitled to use the school facilities during out of school hours and that it was unconstitutional and improper for the defendant to deny the use of these facilities to the plaintiff solely because of the controversial views that had previously been expressed by the scheduled performer, Pete Seeger. As we observed in our earlier decision in this case (18 N Y 2d 129, 134), "The expression of controversial and unpopular views * * * is precisely what is protected by both the Federal and State Constitutions" (U. S. Const., 1st Amdt.; N. Y. Const., art. I, § 8; see, e.g., Bond v. Floyd, 385 U. S. 116, 132-135; Kunz v. New York, 340 U. S. 290; Hague v. C. I. O., 307 U. S. 496; Matter of Rockwell v. Morris, 10 N Y 2d 721, affg. 12 A D 2d 272) and, since there is here no showing that Seeger's expression of his views would "immediately and irreparably create injury to the public weal" (Matter of Rockwell v. Morris, 12 A D 2d 272, 278, affd. 10 N Y 2d 721, supra), it follows that the defendant's refusal to permit this concert to take place in the school auditorium constituted "an unlawful restriction of the constitutional right of free speech and expression" (18 N Y 2d, at p. 134).
The order of the Appellate Division should be affirmed, with costs.
Order affirmed.